IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NETHERLANDS INSURANCE COMPANY, a New Hampshire corporation, and INDIANA INSURANCE COMPANY, an Indiana corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> MARATHON OIL CORPORATION, an Ohio corporation, MARIA GARZA, Administratrix of the Estate of ARMANDO GARZA, deceased, YESENIA GARZA, and LIZETTE GARZA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CIVIL NO. 09-1057-GPM ) ) ) ) ) ) ) ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

The Court has reviewed sua sponte the allegations of federal subject matter jurisdiction contained in the complaint in this cause (Doc. 2). *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Plaintiffs Netherlands Insurance Company ("Netherlands") and Indiana Insurance Company ("Indiana") seek a judicial declaration that they owe no duty to defend or indemnify Defendant Marathon Oil Corporation ("Marathon") in a lawsuit that

Page 1 of 6

has been brought against Marathon by Maria Garza, who is the administratrix of the estate of Armando Garza, deceased, Yesenia Garza, and Lizette Garza. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship.

The Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, provides, in pertinent part, that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). *See also Document Generation Corp. v. AllMeds, Inc.*, Civil No. 07-841-GPM, 2009 WL 2848997, at *2 (S.D. Ill. Sept. 1, 2009). The Declaratory Judgment Act is not an independent basis for federal subject matter jurisdiction, and instead it provides a remedy available only if a court has jurisdiction from some other source. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Harris Trust & Sav. Bank v. E-II Holdings, Inc.*, 926 F.2d 636, 639 (7th Cir. 1991) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937)); *Avante Int'l Tech., Inc. v. Hart Intercivic, Inc.*, Civil No. 08-832-GPM, 2009 WL 2431993, at *2 (S.D. Ill. July 31, 2009). Here, as noted, the source of the Court's jurisdiction alleged by Netherlands and Indiana is diversity jurisdiction. In general, of course, the exercise of federal subject matter jurisdiction in diversity requires that the parties to a case be of completely diverse state citizenship, that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, at *1 (S.D. Ill. Nov. 10, 2009). Netherlands and Indiana, as the proponents of federal subject matter jurisdiction in this instance, have the burden of proof as to the existence of such

jurisdiction. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009); *Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4030928, at *1 (S.D. Ill. Nov. 20, 2009); *Peoples Nat'l Bank, N.A. v. American Coal Co.*, Civil No. 09-761-GPM, 2009 WL 3065198, at *1 (S.D. Ill. Sept. 23, 2009).

The citizenship of a corporation for diversity purposes is determined, of course, by the state where the corporation is incorporated and the state where the corporation maintains its principal place of business, meaning, in the Seventh Circuit, the state where the corporation's headquarters or nerve center is located. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Wojan v. General Motors Corp.*, 851 F.2d 969, 974 (7th Cir. 1988); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986); *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir. 1985); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) (quoting *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)). The citizenship of a natural person for diversity purposes is determined by the state where the person is domiciled, which is to say, the state where the person is physically present with an intent to remain there indefinitely. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 70 n.1 (7th Cir. 1992); *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991); *Sadat v. Mertes*, 615 F.2d 1176, 1180-81 (7th Cir. 1980); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833-34 (S.D. Ill. 2006).

With respect to the parties to this case that are corporations, the complaint in this case properly alleges that Netherlands is a corporation incorporated under New Hampshire law with its principal place of business in New Hampshire and therefore is a New Hampshire citizen for diversity purposes. The complaint also properly alleges that Indiana is a corporation incorporated under Indiana law with its principal place of business in Wisconsin and therefore is a citizen of Indiana and Wisconsin for diversity purposes. Additionally, the complaint properly alleges that Marathon is a corporation incorporated under Delaware law with its principal place of business in Ohio and therefore is a citizen of Delaware and Ohio for diversity purposes. With respect to the parties to this case that are natural persons, the complaint alleges that Lizette Garza is a citizen of Texas for diversity purposes. Finally, the complaint properly alleges that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Unfortunately, the complaint fails properly to allege the citizenship of Maria Garza and Yesenia Garza. Maria Garza, it appears from the complaint, is the legal representative of Armando Garza, who is deceased. The citizenship for diversity purposes of a person suing as the legal representative of a decedent is the citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2); *Gustafson v. Zumbrunnen*, 546 F.3d 398, 400-03 (7th Cir. 2008); *Kubitschek v. Shelter Mut. Ins. Co.*, Civil No. 09-937-GPM, 2009 WL 3769984, at *2 (S.D. Ill. Nov. 9, 2009); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 n.1 (S.D. Ill. Sept. 29, 2009); *Mathes v. Bayer Corp.*, Civil No. 09-630-GPM, 2009 WL 2601364, at *1 (S.D. Ill. Aug. 24, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *1 (S.D. Ill. Nov. 13, 2007); *Yarber v. Mehta*, No. 06-cv-1018-JPG, 2007 WL 1169699, at *2 (S.D. Ill. Apr. 18, 2007). Thus, Netherlands and Indiana must amend their complaint to allege the citizenship of Armando Garza for diversity

purposes, meaning, as already has been discussed, the state where he was domiciled at the time of his death. The citizenship of Yesenia Garza, who appears to be the minor child of Armando Garza and Maria Garza, is presumably that of the child's mother, Maria Garza. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citing *Yarborough v. Yarborough*, 290 U.S. 202, 211 (1933)) ("Since most minors are legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents."); *Lamar v. Micou*, 112 U.S. 452, 470-71 (1884) (the domicile of a minor for diversity purposes becomes, upon the death of the minor's father, that of the minor's mother, but the mother's power to change the minor's domicile terminates when she remarries); *Appelt v. Whitty*, 286 F.2d 135, 137 (7th Cir. 1961) (the citizenship of an unemancipated minor for diversity purposes is ordinarily the citizenship of his or her parents); *Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at *4 (S.D. Ill. Aug. 24, 2007) (same); *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964) (for diversity purposes, an unemancipated minor is presumed to share the state citizenship of the minor's surviving parent). *Cf. Kuhn v. Overhead Door Corp.*, No. 85 C 06375, 1985 WL 2160, at *1 n.2 (N.D. Ill. July 18, 1985) (when a party sues as the next friend of a child, the next friend is merely a nominal party and the child's citizenship is controlling for diversity purposes). Accordingly, because, as discussed, Maria Garza's citizenship is that of Armando Garza, establishing Armando Garza's citizenship also will establish the citizenship of Yesenia Garza for purposes of federal diversity jurisdiction. Therefore, the Court will order Netherlands and Indiana to amend their complaint to allege the state citizenship of Armando Garza, so as to establish the state citizenship of both Maria Garza and Yesenia Garza for purposes of the Court's subject matter jurisdiction in diversity.

To conclude, Netherlands and Indiana are hereby **ORDERED** to file an amended complaint properly alleging the state citizenship of Armando Garza for diversity purposes not later than 12:00 p.m. on Monday, January 4, 2010. Failure by Netherlands and Indiana to file an amended complaint as herein ordered will result in the dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of federal subject matter jurisdiction. *See Busch v. Lee Enters., Inc.*, Civil No. 09-780-GPM, 2009 WL 4544393, at *1 (S.D. Ill. Dec.1, 2009); *Ball v. Morgan Stanley & Co.*, Civil No. 09-406-GPM, 2009 WL 1708791, at **1-2 (S.D. Ill. June 17, 2009); *Ball v. Southwest Fiduciary, Inc.*, Civil No. 09-194-GPM, 2009 WL 1708764, at *2 (S.D. Ill. June 17, 2009).[1]

**IT IS SO ORDERED.**

DATED: December 30, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

1. Importantly, the jurisdictional allegations of the amended complaint in this case must be made on personal knowledge, not on information and belief. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir.1992); *B & R Oil Co. v. Imperial Enters. of Illinois, LLC*, Civil No. 09-257-GPM, 2009 WL 1867677, at *2 (S.D. Ill. June 29, 2009); *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006).